IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Arthur Gonzales, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20120661-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (November 1, 2012) |
| State of Utah, | ) | |
| | ) | 2012 UT App 313 |
| Respondent and Appellee. | ) | |

-----

Third District, Salt Lake Department, 100926031
The Honorable Robert P. Faust

Attorneys:     Arthur Gonzales, Gunnison, Appellant Pro Se
               Mark L. Shurtleff and Brett J. DelPorto, Salt Lake City, for Appellee

-----

Before Judges Orme, Thorne, and Roth.

¶1      Arthur Gonzales appeals the trial court's order dismissing his petition for postconviction relief as time barred. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review. We affirm.

¶2      Gonzales asserts that a new rule of law applies to his case and that therefore the petition should be considered timely. *See* Utah Code Ann. § 78B-9-104(1)(f) (Supp. 2012) (permitting postconviction relief where a petitioner can prove entitlement to relief under a new rule announced by the Utah Supreme Court). He asserts that a new legal rule announced in *State v. Worthen*, 2009 UT 79, 222 P.3d 1144, applies to him and would have permitted the admission of the psychological records of his victim. In *Worthen*, the supreme court addressed the privilege set forth in rule 506 of the Utah Rules of Evidence and the corresponding exception when the privileged records may be

obtained.  In particular, the supreme court explained what constitutes "an element of a claim or defense" in a criminal case for purposes of showing an exception to the privilege.  *See id.* ¶ 31.  "An element of a claim or defense under rule 506(d)(1) . . . encompasses evidence that interjects reasonable doubt into the elements the State bears the burden to prove."  *Id.*  The court further held that the evidence may include impeachment evidence.  *See id.* ¶ 35.

¶3      Although the records sought in *Worthen* and in Gonzales's own case were similar, *Worthen* does not apply to Gonzales.  In fact, the *Worthen* court distinguished the circumstance of Gonzales specifically based on the outcome of Gonzales's own direct appeal.  *See id.* ¶ 33.  The *Worthen* court noted that the supreme court had not reached the issue of whether impeachment evidence would be within the scope of an element of a claim or defense in Gonzales's direct appeal because the records were appropriately excluded from Gonzales's trial on other grounds.  *See id.* (citing *State v. Gonzales*, 2005 UT 72, ¶ 43, 125 P.3d 878).

> In *Gonzales*, the defendant argued the victim's "relevant mental state to be an inability to tell the truth" and "because of the likelihood of finding exculpatory evidence that [the victim] 'cannot be believed' in her mental health records, the defense was entitled to an in camera review."  We again declined to thoroughly analyze the issue of what constitutes an element of a claim or defense *because we determined that the fraudulent and flawed means by which the mental health records in that case were obtained resulted in their inadmissibility.*

*Id.* (alteration in original) (emphasis added) (quoting *Gonzales*, 2005 UT 72, ¶ 16).  Gonzales's attorney had obtained the mental health records of his victim without going through the proper process and without notice.  As a result, the trial court excluded the records.  *See Gonzales*, 2005 UT 72, ¶ 18.  Accordingly, any new rule announced in *Worthen* regarding the process and required showings to obtain review of otherwise privileged records is not applicable to Gonzales because the records here were excluded due to the improper means by which they were obtained, not because of any determination about whether an exception applied to the privilege.

¶4    Given that no new rule applies to Gonzales's petition by reason of *Worthen*, the petition is clearly time barred. The time for filing a petition for postconviction relief expired in early 2007, almost four years before the instant petition was filed. *See* Utah Code Ann. § 78B-9-107(2)(c) (2008). Accordingly, the trial court did not err in dismissing the petition.

¶5    Affirmed.


_____
Gregory K. Orme, Judge



_____
William A. Thorne Jr., Judge



_____
Stephen L. Roth, Judge